**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff, | § § | |
| VS. | § § | CRIMINAL ACTION NO. H-02-546-2 |
| JOSEPH MAURO, | § § § | |
| Defendant. | § | |

**ORDER**

Joseph Mauro has moved under 18 U.S.C. § 3582(c)(2) to have this court reduce his prison sentence. (Docket Entry No. 308). Mauro contends that amendment 591 to U.S.S.G. § 1B1.2 and the application notes and the Supreme Court decision in *United States v. Booker*, 125 S.Ct. 220 (2005), making the guidelines advisory rather than mandatory support a lower sentence than he received after his guilty plea. The government responded to the motion for reduction. (Docket Entry No. 309).

Mauro pleaded guilty in 2002 to conspiracy to possess 3,4 methylenedioxy-methamphetamine, commonly knows as MDMA or ecstacy. He agreed to waive certain appellate and collateral challenge rights. Mauro was sentenced within the statutory maximum that applied, 240 months. His appeal was dismissed as frivolous in 2004.

Amendment 591 does not support Mauro's argument that he should have received no more than five years because one of the drugs (anabolic steroids) that he was initially charged with possessing with the intent to distribute fell under the five-year maximum sentence in 21

U.S.C. § 841(b)(1)(D). Amendment 591 does not require a different application of the sentencing guidelines than Mauro received. *See United States v. Heli-Mejia*, 239 Fed. Appx. 938 (5th Cir. 2007). Mauro pleaded guilty to an offense that carried a maximum statutory punishment of twenty years. He was sentenced within that limit.

Mauro is incorrect in his contention that this court considered his involvement in trafficking in other drugs – methamphetamine, LSD, and anabolic steroids – to determine and increase the statutory maximum. These drugs were included in Mauro's relevant conduct and considered in determining the sentencing range within the statutory maximum, which was limited to 240 months. This approach was consistent with what Mauro was told in his rearraignment. These drugs did not increase the maximum statutory penalty.

Mauro's argument as to the weight of the MDMA tablets does not support his claim to relief. Mauro's argument is not available in this procedural context and it is substantively without merit. *See United States v. Tushnet*, 2008 WL 1887313 (5th Cir. Apr. 30, 2008) (holding that the relevant weight is not the actual weight of the MDMA in each pill but the entire weight of the mixture that contains the drug).

The *Booker* decision does not apply to support the relief Mauro urges. It is not retroactive. And at sentencing, this court stated that it would have departed upward to arrive at the same punishment – 240 months – if the guideline range sentencing was based only on MDMA. This court considered the scope of Mauro's involvement and participation in the ongoing drug trafficking conspiracy and the abuse of victims that resulted. The court

considered the same factors that are set out in 18 U.S.C. § 3553(a) in determining the proper sentence.

Mauro is not entitled to relief under 18 U.S.C. § 3582(c). His motion is denied.

SIGNED on May 13, 2008, at Houston, Texas.

Lee H. Rosenthal
United States District Judge