**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. H-02-546-2 |
| | § | |
| JOSEPH MAURO | § | |

**O R D E R**

The defendant has requested that specified paragraphs be deleted from the presentence report due to his status in the Bureau of Prisons (BOP) as a Public Safety Factor (PSF), and the hardships such status imposes. (Docket Entry No. 345). Under 18 U.S.C. § 3661 and U.S.S.G. § 1B1.4, in determining the sentence, a court may consider any information concerning the background, character and conduct of the defendant unless otherwise prohibited by law. The sources for the information in Paragraphs 27, 28, 38, 41, 48 and 135 of the presentence report were identified and noted as hearsay where applicable. This issue was also raised by the defendant and addressed at length in an addendum to the presentence report. The court considered all this, including the sources who provided the information, when it adopted the presentence report and addenda. The court noted at the sentencing that although an upward departure from the guidelines was not available due to the statutory maximum, had the court considered only the MDMA conduct and not the methamphetamine conduct, it would have departed upward to achieve the same sentence of 240 months, based on the aggravating factors cited in Part E of the presentence report. This part includes paragraph 135.

In addition, there is no judicial remedy to amend a presentence report after sentencing. Objections to the BOP's reliance on disputed information in the PSR can be raised during the BOP's

initial classification of an inmate or through the BOP's Administrative Remedy Program. While the court is not opposed to the defendant's request to serve his sentence in the same facility as his brother, the BOP has its own concerns and policies that it uses in designating inmates to particular facilities; no judicial recommendation is appropriate at this time.

The motion is denied.

SIGNED on November 9, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge